UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANTOS HERNANDEZ, FERDIS DELGADO, AND
MANUEL CAMPOS
on behalf of themselves and others similarly situated

                        Plaintiffs,                   Index No.: 18-CV-4862

      -against-

                                                  **REQUEST FOR**
                                          **DEFAULT JUDGMENT**

QUALITY BLACKTOP SERVICES, INC.
STEVE HELLERMAN DRIVEWAYS CORP.,
JOHN DOE PRIME CONTRACTORS 1 THROUGH 10 AND
JOHN DOE SURETY COMPANY 1 THROUGH 10 AND
KARLINE HELLERMAN in her individual capacity.
                              Defendants.
------------------------------------------------------------------X

      DELVIS MELENDEZ, ESQ., an attorney duly admitted to practice law in the State of New York, affirms the following under penalties of perjury.

    1.    I am counsel for the Plaintiffs herein and make this declaration. The source of my knowledge being the files maintained in this office, Plaintiffs' affidavits, and submissions made to the Court.

        a.    I submit this declaration in support of Plaintiffs' application for an order pursuant to FRCP 55 granting Plaintiffs entry of a default judgment against Defendants QUALITY BLACKTOP SERVICES, INC., STEVE HELLERMAN DRIVEWAYS CORP., AND KARLINE HELLERMAN (collectively, "Defendants"). In addition, wage and hour damages and an award of attorney fees is sought. The spreadsheets for Plaintiffs calculations of damages and attorney's fees are attached as Exhibit "D").

1

2. This action seeks redress for Defendants' intentional, willful and repeated violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law Article 19, § 650 *et seq*. and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

3. On or about September 18, 2018, Defendants Quality Blacktop Services, Inc., Steve Hellerman Driveways Corp., Steven Hellerman and Karline Hellerman were served with a Summons and Complaint (See Exhibit affidavit of service attached hereto Exhibit "A").

4. On or about October 22, 2018, Dan De Pasquale submitted an Answer on behalf of Quality Black Top Service, Inc., Steve Hellerman Driveways Corp., and Steven Hellerman. [DE 10]

5. Karline Hellerman, while served and is the Chief Financial Officer of Quality Blacktop Service, never entered an Answer. Nor has she made an attempt at defending against the allegations against her (See Exhibit "B") ("Compl". 3).

## PROCEDURAL HISTORY

6. To date, much of the paper discovery has been completed. Depositions have not been taken. A mediation, session through the Eastern District of New York, was conducted unsuccessfully.

7. On or about November 15, 2018, Judge Magistrate Levy approved a Stipulation to certify the matter as a Collective Action. [DE 11]

8. On or about September 19, 2018, Manuel Tenecela Nieves filed a consent to joinder. [DE 6]

9. On or about December 28, 2018, Wilmer Reyes filed a consent to joinder [DE 13]

10. On or about January 16, 2019, Yonis Reyes filed a consent to joinder [DE 14]

11. On or about September 23, 2018, Ivan Delgado filed a consent to Joinder. [DE 6]

12. On or about November 4, 2020, Defendant, Steven Hellerman declared personal bankruptcy.

13. On or about February 19, 2020, Steven Hellerman's bankruptcy proceeding was granted [DE 28-2].

14. On or about June 18, 2020, a status conference was held with the parties. At the status conference Defendants advised Judge Magistrate Levy of counsel's intention to be relieved as counsel. Judge Magistrate Levy advised the Defendants that a corporation could not defend themselves and if Defendants did not retain new counsel a default judgment would be entered against them.

15. Judge Magistrate Levy ask Defendants Counsel to have defendants affirmatively state in their moving papers that Defendants will not retain new counsel.

16. On or about July 31, 2020, Dan De Pasquale attorney for defendants move this court to be removed as counsel for the defendants [DE28].

17. In paragraph 11 and 12 of Steven Hellerman's affidavit he avers that he cannot continue to pay legal fee and that he will not be retaining new counsel [DE 28-2].

18. In paragraph 14 Steven Hellerman states he has been informed by Dan De Pasquale that a corporation cannot represent themselves and failure to obtain new counsel would result in the Corporations' default [DE 28-2].

19. On or about August 2, 2020, Judge Magistrate Levy granted Dan De Pasquale's motion to be relieved as counsel [referring to DE 28].

20. To date, the defaulting defendants have not retained new counsel.

**NATURE OF ACTION**

21. Plaintiff, Santos Hernandez ("Hernandez") was employed by Defendants the entire length of the state and federal statutory period. His employment came to an end on July 16, 2018. ("Compl" 11). He worked as a heavy machine operator. ("Compl." 12) See also (Affidavit of Santos Hernandez as Exhibit "C").

22. Plaintiff, Ferdis Delgado worked for the defendants the entire length of the state and federal statutory period. His employment came to an end on or about May 2018. He worked as a machine operator ("Compl." 12) See also (Affidavit of Ferdis Delgado as Exhibit "C").

23. Plaintiff Manuel Campos began working for the defendants on or about May 2016. He worked as a full time laborer/raker. His employment with defendants came to an end on or about July 15, 2018. ("Compl". 13) See also (Affidavit of Manuel Campos as Exhibit "C").

24. On or about August 27, 2018 the three named Plaintiffs commenced an action against the defendants seeking to recover unpaid overtime pursuant to the FLSA and NYLL and a third party beneficiary claim for prevailing wage violations. ("Compl" 41,43,49) They also alleged wage notice and statement violations pursuant to NYLL 195(1) & 195(3). The action was brought as a collective pursuant to 216(b) of the FLSA and class action pursuant to FRCP 23.

25. QUALITY BLACK TOP SERVICES, INC., AND STEVE HELLERMAN DRIVEWAYS CORP., were and still are domestic business corporations

organized and existing pursuant to the laws of the State of New York ("Compl". 6,7).

26. Throughout Plaintiffs employment, they were required to be paid overtime pay at the statutory rate of time and one half the regular rate of pay after forty (40) hours worked in a workweek ("Compl". 17).

27. Plaintiffs worked more than forty hours per week throughout the course of their employment by Defendants ("Compl". 17).

28. Plaintiffs and similarly situated employees worked six (6) days in most workweeks, while employed by Defendants ("Compl". 17).

29. Defendants paid Plaintiff, Santos Hernandez an hourly rate ranging from $12.50 to $22.00 per hour depending on the year. The overtime hours were paid in cash at the straight time rate ("See Exhibit "C").

30. Defendants paid Plaintiff, Ferdis Delgado an hourly rate of $17.00 to $20.00, depending on the year. The overtime hours were paid in cash at the straight time rate.  ("See Exhibit C").

31. Defendants paid Plaintiff, Manuel Campos an hourly rate of $14.00 to $15.00 per hour, depending on the year. The overtime hours were paid in cash at the straight time rate. ("See Exhibit "C").

32. Yonis Reyes worked for the defendants in 2015 for approximately eight months. He was paid $17.00 per hour. His overtime hours were paid in cash at the straight time rate. (See Affidavit of Yonis Reyes attached as Exhibit "C").

33. Wilmer Reyes worked for the Defendants the entire state and federal statutory period. He was paid $12.00 to $20.00 per hour depending on the year. His

overtime hours were paid at the straight time rate. (See Affidavit of Wilmer Reyes attached as Exhibit "C")

34. Manuel Tenecela Nieves worked for the Defendants from spring of 2014 to May 15, 2018. He was paid an hourly rate ranging from $14.00 to $19.00 per hour. depending on the year. (See Affidavit of Manuel Tenecela Nieves attached as Exhibit "C"). His overtime hours were paid at the straight time rate.

35. Ivan Delgado worked for the Defendants from April 17, 2014 until April 15, 2016. He was a paid $25.00 per hour. (See Affidavit of Ivan Delgado attached as Exhibit "C")

36. Defendants failed to compensate Plaintiffs for time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular hourly rate, throughout the entire term of Plaintiffs employment with the Defendants. (Compl. 17).

37. Defendants willfully disregarded and purposefully evaded the record keeping requirements of the FLSA and the New York Labor Law by failing to maintain accurate daily time and weekly payroll records for its non-exempt employees. (Compl 32).

38. Defendants paid Plaintiffs wholly or partially in cash, without providing an accurate indication as to Plaintiffs rate of pay, hours worked each day, and the total amount of hours worked each week ("Compl". 22, 24).

39. All of the Plaintiffs and "opt ins" performed labor for the defendants on one or more prevailing wage projects. ("Compl". 26) See also (Plaintiffs' Affidavit Exhibit "C").

6

40. The corporate defendants had one or more contract with public entities which they did not compensate Plaintiffs and the "opt ins" at the prevailing wage rate. ("Compl." 27, 28).

41. The Plaintiffs worked as laborers/rakers and machine operators on the public work sites. ("Compl". 7) (See also Plaintiffs' Affidavits Exhibit "C")

42. All of the Plaintiffs and putative class members worked a minimum of sixteen hours per month on prevailing wage projects. (See Plaintiffs' Affidavits Exhibit "C")

43. Defendants failed to pay the Plaintiffs and putative class members the prevailing wage rate for work undertaken on public work projects. (See Plaintiffs' Affidavits Exhibit "C")

44. Instead, Defendants paid Plaintiffs and the putative class member their regularly hourly rate when working on prevailing wage projects. (See Plaintiffs' Affidavits Exhibit "C")

45. Based on the foregoing facts, Plaintiffs would likely have prevailed if Defendants fully litigated the matter.

**DEFENDANTS' DEFAULT**

46. Defendants QUALITY BLACK TOP SERVICES, INC., STEVE HELLERMAN DRIVEWAYS CORP. Have defaulted in their proceeding by failing to retain new counsel to defend this action. As a corporation cannot defend themselves they have failed to defend the action. They have done soon despite being advised by Judge Magistrate Levy that failure to do so would result in entry of a default judgment against them. Indeed, Steven Hellerman's affidavit memorialize the fact

that he understands a default judgment may be entered against him [DE 28-2]. Moreover, he acknowledged he has no intention of retaining new counsel.

47. KARLINE HELLERMAN, CEO of Quality Blacktop Services, Inc., never appeared in the matter with or without counsel. (See DE 10) As such, she has defaulted.

48. FRCP 55(a) provides that "when a party against whom a judgment is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

## DAMAGES

49. The Plaintiffs damages were calculated based on time records submitted by defendants. The records established the hours worked by each Plaintiffs and the rate of pay.

50. The half time rate was determined based on the hourly rate provided by defendants. The half time rate was multiplied by the overtime hours to obtain the overtime under payment. An additional award of one hundred percent in liquidated damages was assigned. Only twenty-five percent in liquidated damages was assigned prior to April 2014.

51. An additional ten thousand dollars $10,000 dollar was added to each Plaintiff for wage notice and wage statement violations pursuant to NYLL 195.

52. No time records were provided for Yonis Reyes. As such, his damages calculations are based on his allegations which have been corroborated by the other Plaintiffs. See Exhibit "C" & "D" damages spreadsheet).

53. The prevailing wage damages were calculated based on Plaintiffs allegations.

54. Plaintiffs contend they worked a minimum of sixteen (16) hours of prevailing wage work per month.

55. The prevailing wage rate used to calculate the underpayment, was based on the prevailing wage rate indicated on the public work schedules for the relevant time period, in conjunction with the job classification for each Plaintiffs. See (Exhibit "C" & "E ")

56. Santos Hernandez and Ferdis Delgado operated heavy equipment as such they are classified as Operating Engineers Class B. Their hourly rate on prevailing wage projects is $59.27 plus $37.80 supplemental pay. For a total of $97.07 per hour. The hourly wage paid to them was deducted from the amount owed bring the under payment of prevailing wage projects for 2018 at $75.07 for Santos Hernandez and $77.07 per hour for Ferdis Delgado.  The prevailing wage rate was multiplied by the number of hours worked that month to obtain the prevailing wage underpayment. (See Exhibit "E" prevailing wage schedules page 24 & 25) (Exhibit "D" Plaintiffs' damages spreadsheet.) An addition, twenty-five percent in liquidated damages was added for the prevailing wage violation.

57. The same calculations were conducted for each of the years worked by Santos Hernandez and Ferdis Delgado with the corresponding prevailing wage rate.

58. Manuel Tenecela Nieves worked as a mason on the prevailing wage projects. His hourly rate on prevailing wage projects is $51.97 plus $33.71 supplemental pay. For a total of $85.68 per hour. The hourly wage paid to him was deducted from the amount owed bring the under payment of prevailing wage projects for 2018 at $66.80 per hour.  The prevailing wage rate was multiplied by the number of hours

worked that month to obtain the prevailing wage underpayment. (See Exhibit "E prevailing wage schedules page 23) (Exhibit "D" Plaintiffs damages spreadsheet & Exhibit "E" prevailing wage scheduled.) An additional, twenty-five percent in liquidated damages was added for the prevailing wage violations.

59. The same calculations were conducted for each of the years worked by Manuel Nieves with the corresponding prevailing wage rate.

60. Ivan Delgado worked as a driver on the prevailing wage projects. His hourly rate on prevailing wage projects is $35.53 plus $29.94 supplemental pay. For a total of $65.47 per hour. The hourly wage paid to him was deducted from the amount owed bring the under payment of prevailing wage projects for 2016 at $40.47 per hour. The prevailing wage rate was multiplied by the number of hours worked that month to obtain the prevailing wage underpayment. (See Exhibit "E prevailing wage schedules page 1874) (Exhibit "D" Plaintiffs' damages spreadsheet & Exhibit "E" prevailing wage schedule for truck driver pg. 1874.) An additional, twenty-five percent in liquidated damages was added for the prevailing wage violations.

61. Manuel Campos, and Wilmer Reyes worked as laborers/rakers. Their hourly rate on prevailing wage projects is $49.65 plus $29.27 supplemental pay. For a total of $78.92 per hour. The hourly wage paid to them was deducted from the amount owed bring the under payment of prevailing wage projects for 2018 for Wilmer Reyes to $58.92 and for Manuel Campos $63.92 per hour. The prevailing wage rate was multiplied by the number of hours worked that month to obtain the prevailing wage underpayment. (See Exhibit "E prevailing wage schedules page

|   |   |
|---|---|
|   | 1881) (Exhibit "D" Plaintiffs' damages spreadsheet & Exhibit "E" prevailing wage schedule for truck driver pg. 1881.) In additional, twenty-five percent in liquidated damages was added for the prevailing wage violations. |
| 62. | Yonis Reyes worked as a laborer. His hourly rate on prevailing wage projects is $43.30 plus $28.29 supplemental pay. For a total of $71.59 per hour. The hourly wage paid to them was deducted from the amount owed bring the under payment of prevailing wage projects for 2015 at $51.59 per hour.  The prevailing wage rate was multiplied by the number of hours worked that month to obtain the prevailing wage underpayment. (See Exhibit "E prevailing wage schedules page 1849) (Exhibit "D" Plaintiffs' damages spreadsheet & Exhibit "E" prevailing wage schedule for truck driver pg. 1881.) An additional, twenty-five percent in liquidated damages was added for the prevailing wage violations. |
| 63. | Plaintiffs respectfully request an award of damages as follows: Santos Hernandez $130,194,71. Ferdis Delgado $123,460.81, Manuel Campos $54,575.60, Ivan Delgado $45,820.80, Wilmer Reyes $104,090.26 and Yonis Reyes $29,920. For a total amount of five hundred seventy-one two thousand nine hundred and three dollars with twenty-nine cents ($572,903,29) |

## ATTORNEY'S FEES & COSTS

| | |
|---|---|
| 64. | Plaintiffs' attorney has expended 82.90 hours of legal time on this matter. Counsel bills at the rate of $350.00 per hour. |
| 65. | Plaintiffs' Counsel has extensive experience prosecuting wage and hour class and collective actions. From 2000 through the present, Ms. Melendez has been self-employed as a solo practitioner, concentrating in Labor & Employment Law. |

More than 80 percent of her practice is dedicated to the representation of employees in workplace disputes. She has brought federal actions in the areas of national origin, race, and sex and age discrimination. As well as multiple collective and class actions for FLSA violations See *Berrios v. Nicholas Zito Racing Stable,* 2014 WL 12838562(E.D.N.Y 2014) (Judge Magistrate Tomlinson acknowledging "both Virginia & Ambinder and the law firm of Delvis Melendez, Esq. have had wage-and-hours cases before this Court. The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the Class and to representing the interests of the Class").

66. In sum, Ms. Melendez possesses more than 22 years of extensive experience handling employment law matters. She has litigated before the New York State Division of Human Rights, Equal Employment Opportunity Commission, State and Federal Courts. She has completed three jury trials to conclusion in the Eastern District – all regarding Employment Law. Moreover, Ms. Melendez has several published decisions, in the Eastern District of New York including but not limited to EEOC v. First Wireless Group, 225 F.R.D 404 (E.D.N.Y 2004)(Class action national origin discrimination; Gonzalez v. El Acajutla, 2007 WL 869583)(collective action FLSA); Duck v. Port Jefferson S.D., 2008 WL 222590 (E.D.N.Y) (currently litigating age and sex discrimination); Gruberg v. Board of Education Sewanhaka Central H.S., 3. F. Supp. 2d. (E.D.N.Y 1998)(Age discrimination constructive discharge); Gonzalez v. Nicholas Zito Racing Stable, 2008 WL 941643(E.D.N.Y 2008)(FLSA recognized as class action counsel) Berrios v. Nicholas Zito Racing Stable 2012 WL 1034053(application granted

on summary judgment for class action); <u>Granados v. Gold Coast Tennis</u>.( Default judgment granted as a sanction on a FLSA collective action and prevailing wage claim); <u>Uto v. Job Site Services,</u> 269 F.R.D 209(E.D.N.Y 2010)(sanctions imposed for failure to comply with Court Order on FLSA collective action.) (See Exhibit "F" legal time sheets for Delvis Melendez)

67. Plaintiffs' counsel respectfully requests an award of twenty-nine thousand and fifteen dollars ($29,015) for attorney fees.

68. To date, one thousand dollars ($1000.00) have been expended in costs. Four hundred ($400.00) for the filing of a summons and complaint, three hundred ($300.00) for process of services, and three hundred ($300.00) dollars toward mediation cost of John McKenna, through the Eastern District of New York's mediation program for a total of one thousand dollars.

69. Plaintiffs' counsel respectfully requests an award of thirty thousand one hundred and five dollars ($30, 105) in attorney's fees and costs.

70. A Request for Certificate of Default filed with the District Clerk is attached as Exhibit G").

**71.** The affidavit of service demonstrating service of the instant motion upon the defendants is attached as Exhibit "H".

WHEREFORE, Plaintiffs respectfully requests that a default judgment be entered in favor of Plaintiffs and against Defendants QUALITY BLACTOP SERVICES, INC., STEVE HELLERMAN DRIVEWAYS CORP., AND KARLINE HELLERMAN.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information and belief, that the amount claimed is justly due and owing to Plaintiffs and that no part thereof has been paid.

Dated: Brentwood, New York
August 24, 2020

                                    LAW OFFICE OF DELVIS MELENDEZ, P.C.
                                    *Attorneys for Plaintiffs*

                                    <u>Delvis Melendez</u>
                                    s/s Delvis Melendez
                                    90 Bradley St.
                                    Brentwood, NY 11717
                                    Tel. (631) 434-1443